FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>OSVALDO FIGUEROA,<br><br>   Defendant. | No.   1:17-CR-02038-SAB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court is Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 985. Defendant is a federal inmate at FCI Lompoc and is pro se.

On October 11, 2017, Defendant plead guilty to Conspiracy to Distribute 50 Grams or More of Actual (Pure) Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), 846. On July 2, 2019, he was sentenced to 168 months imprisonment and 5 years supervised release. Defendant's projected release date is June 29, 2029. *See* BOP Inmate Finder, https://www.bop.gov/inmateloc (last visited March 17, 2025).

Defendant asks the Court to grant immediate release so that he can be deported to Mexico. Defendant asserts he has ongoing medical issues, his parents are elderly and very ill, and this reduction will allow him the opportunity to raise his children and be with his wife.

Pursuant to 18 U.S.C. § 3582, and after reviewing the Section 3553(a) factors, caselaw, the record, and Defendant's Motion, the Court **denies** the motion for compassionate release.

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** # 1

# MOTION STANDARD

Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c); *see also Dillon v. United States,* 560 U.S. 817, 824 (2010) ("A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.") (internal alterations omitted). Compassionate release, however, provides an exception to this general rule in extraordinary cases. *See* 18 U.S.C. § 3582(c)(1)(A). Section 3582(c)(1)(A) allows a federal prisoner to seek compassionate release after exhausting all administrative remedies with the BOP.[1]

Section 3582(c)(1)(A) permits a court to reduce the term of imprisonment after considering the factors set forth in Section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(c)(1)(A). The purpose of compassionate release is to provide a "safety valve with respect to situations in which a defendant's circumstances had changed such at the length of continued incarceration no longer remained equitable." *United States v. Chen*, 48 F.4th 1092, 1098–99 (9th Cir. 2022).

In deciding whether to grant a defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must consider (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) the sentencing factors set forth in § 3553(a) to the extent they are applicable. *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021). Each step of this analysis qualifies as an independent ground to deny a motion for compassionate release. *United States v. Wright*, 46 F.4th 938, 947 (9th Cir.

---

[1] Defendant indicated that he submitted a request to the Warden of FCI Sheridan on July 28, 2020, and the Warden denied his request on August 18, 2020. He filed this motion on February 12, 2025. This filing meets the standard under 18 U.S.C. § 3582(c)(1)(A) because 30 days had lapsed since Defendant submitted his request to the Warden.

2022). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *Id.* at 951.

Congress has not provided a statutory definition of "extraordinary and compelling reasons." *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).[2] The United States Sentencing Commission has identified six circumstances that may reach the standard: (1) medical circumstances; (2) age; (3) family circumstances; (4) whether the defendant experienced abuse in custody; (5) alternate but similar reasons to 1–4; and (6) an unusually long sentence. U.S.S.G. § 1B1.13.

## ANALYSIS

To decide Defendant's compassionate release request, the Court first considers whether Defendant's motion presented "extraordinary and compelling" circumstances under the U.S.S.G. § 1B1.13.

Defendant claims to have health problems; however, the documentation he provides only indicates that he has asthma and underwent a pelvic exam while in custody that returned normal results. The PSIR states Defendant is fifty-four years old and indicated no major health conditions when it was revised on June 20, 2019. Defendant also indicates that his parents are ill and checked the box indicating that the primary caregiver of his children (presumably his wife) is disabled; however, he does not elaborate further or provide any documentation, and it is unclear from this whether his wife is ill or disabled. Defendant has not shown his circumstances rise to the level of "extraordinary and compelling."

---

[2] Instead, Congress instructed the United States Sentencing Commission that "in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, [it] shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Aruda*, 993 F.3d at 800 (citing 28 U.S.C. § 944(a)(2)(C), (t)).

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE # 3

If the Court determines Defendant is eligible for a reduced sentenced, it must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in determining whether a sentence reduction is warranted.[3] In doing so, the Court he Court must consider whether the sentence is sufficient, but not greater than necessary to reflect the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. *United States v. Lizarraras-Chacon*, 14 F.4th 961, 966 (9th Cir. 2021) (citation omitted).

At the time of sentencing, Defendant had no criminal history. However, the PSIR also indicates that he was one of the more culpable conspirators and possessed a firearm while committing the offense. The Guideline range at the time of his sentencing was 262-327 months.

In reviewing the § 3553(a) factors and Defendant's Motion, the Court finds that Defendant **is not entitled** to a sentence reduction. Defendant has not shown that extraordinary and compelling reasons justify a sentence reduction, and the 168-month sentence Defendant received is sufficient but not greater than necessary to reflect the seriousness of his underlying offense, provide just punishment, and afford adequate deterrence to criminal conduct.

//
//
//

---

[3] These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** # 4

Accordingly, **IT IS ORDERED**:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release), ECF No. 985, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide a copy to Defendant.

**DATED** this 19th day of March 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE # 5**